UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL CASE NO. 10-166-JBC-JGW

**RODNEY WEINEL**                                                     **PETITIONER**

**V.**

**LITTLE SANDY CORRECTIONAL COMPLEX**                **RESPONDENT**

**REPORT AND RECOMMENDATION THAT THIS PETITION FOR A WRIT OF
HABEAS CORPUS BE DENIED**

In August 2010, petitioner Rodney Weinel filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. In December 2010, the respondent filed a return of the writ. Doc. 10. Despite being given an extension of time to do so,[1] petitioner has not filed a reply. Consistent with local practice, the matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I. Factual and Procedural Background**

As summarized by the Kentucky Court of Appeals, the relevant facts are as follows:

> Weinel's convictions are the result of two separate incidents that occurred in 2005. First, he and his co-defendants broke into a place of business in Wilder, Kentucky. They stole a pickup truck, a lawn tractor, a generator, and numerous tools. The cumulative value of the stolen property was approximately $13,500. A few days later, Weinel and his co-defendants broke into a house whose owner had recently been murdered by his wife. The man's family had not yet removed his belongings from the house. Weinel and his co-defendants sacked the house, removing furniture and personal items from the home. When the police first made contact with Weinel, he was wearing a baseball cap that had belonged to the

---

[1] On January 14, 2011 the Court granted petitioner's motion for an extension of time to file a reply and directed petitioner to file his reply by February 18, 2011. Doc. 13. Over one month has passed since that February 18 deadline, yet petitioner has not filed a reply. I conclude, therefore, that petitioner has waived his right to file a reply.

1

> deceased man.
>
> On June 1, 2006, the third day of his jury trial, Weinel entered an open guilty plea to complicity to second-degree burglary, complicity to theft by unlawful taking of a value more than $300, and being a persistent felony offender in the first degree. On June 27, 2006, the court sentenced Weinel to thirty-five years' incarceration. [Weinel did not file a direct appeal.] In May 2007, Weinel, pro se, filed a motion to vacate, set aside, amend, and/or correct his sentence pursuant to [Kentucky Rule of Criminal Procedure] RCr 11.42. The trial court declined to grant an evidentiary hearing and denied the motion. This appeal follows.

*Weinel v. Commonwealth*, 2010 WL 2428030, at *1 (Ky.App. June 18, 2010). The Court of Appeals affirmed the trial court's decision to deny petitioner's motion for post-conviction relief. Petitioner did not file a motion for discretionary review in the Kentucky Supreme Court.[2] Instead, petitioner filed the pending §2254 petition for habeas relief.

**II. Analysis**

Petitioner's terse §2254 petition raises three claims for relief. In its entirety, petitioner's first claim for relief provides that "Petitioner was denied due process of law, in violation of the 14th Amendment to the United States Constitution, when the Trial Court overruled his RCr 11.42 motion without holding an evidentiary hearing." Doc. 1, p. 6. In its entirety, petitioner's second claim for relief provides that "THe [sic] Petitioner was denied effective assistance of counsel and due process of law, in violation of the 6th and 14th Amendments to the United States Constitution, when his defense counsel misadvised him to enter a guilty plea that was contrary to his best

---

[2]RCr 12.05 provides in relevant part that "[i]n all appeals from criminal convictions or post-conviction relief matters a litigant shall not be required to petition for rehearing or to file a motion for discretionary review to either the Kentucky Court of Appeals or Kentucky Supreme Court following an adverse decision of either the circuit court or Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error." Thus, petitioner is "deemed to have exhausted his state remedies" as the issues in the §2254 petition were raised in his appeal of the state trial court's denial of his state motion for post-conviction relief. *Lewis v. Meko*, 2010 WL 724667, at *5 (W.D. Ky. Feb. 25, 2010).

2

interests." Doc. 1, p. 8. Finally, the entirety of petitioner's third claim for relief provides that "Petitioner was denied effective assistance of counsel and his right to a fundamentally fair legal proceeding, as protected by the 5th, 6th, and 14th Amendments to the United States Constitution when his defense failed to investigate, prepare and present his defense."[3] Doc. 1, p. 9.

### A. Standard of Review

The standard of review of a 2254 petition depends upon whether the claim was adjudicated on the merits in state court. If the claim was adjudicated on the merits, as were the claims in the petition at hand, a court should grant a habeas petition only if:

> the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts.

*Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003).

### B. Failure to Hold Hearing on State Motion for Post-conviction Relief

Petitioner's first claim for relief is that his due process rights were violated when the state trial court declined to hold an evidentiary hearing on his motion for post-conviction relief. Petitioner raised this issue on appeal to the Kentucky Court of Appeals, but that court affirmed. In relevant part, the Court of Appeals stated that "Weinel first argues that the trial court erred when it did not grant his motion for an evidentiary hearing to establish that he received ineffective assistance of counsel. We disagree." 2010 WL 2428030, at *1.

---

[3]Petitioner did attach the opinion of the Kentucky Court of Appeals affirming the state trial court's decision to deny his motion for post-conviction relief to his §2254 petition. Doc. 1-2. Merely attaching that opinion does not provide grounds for federal habeas relief, however. *See, e.g., Applewhite v. Booker*, 2005 WL 1631612, at *1 (E.D. Mich. July 12, 2005) ("The fact that petitioner has attached the Michigan Court of Appeals' opinion affirming his conviction to his petition is insufficient to state a claim upon which habeas relief may be granted.").

Petitioner's argument is not cognizable on federal habeas review. When facing a similar argument, the Sixth Circuit held that a claim that a Kentucky state court failed to hold an evidentiary hearing on a motion for post-conviction relief "cannot be heard by this court since the writ of habeas corpus is not an appropriate tool for challenging errors or deficiencies in state post-conviction proceedings. Rather, the writ is reserved for constitutional errors underlying the conviction itself." *Sherley v. Parker*, 229 F.3d 1153 (Table), 2000 WL 1141425, at *6 (6th Cir. Aug. 8, 2000). *See also Cornwell v. Bradshaw*, 559 F.3d 398, 411 (6th Cir. 2009). And, "even if such review were possible, the decision as to whether to hold the hearing is a question of state law; therefore, the decision of the Kentucky courts would be binding on habeas review." *Stratton v. Hall*, 2010 WL 5922110, at * 16 (E.D.Ky. Dec. 28, 2010). Thus, the Kentucky courts' refusal to conduct an evidentiary hearing does not entitle petitioner to federal habeas relief.

**C. Advice to Enter Guilty Plea**

Petitioner argues that his counsel performed ineffectively by advising petitioner to enter a guilty plea. Petitioner does not offer any factual background, citations to authority or rationale as to why counsel's advice to plead guilty constitutes ineffective assistance of counsel.

"To establish ineffective assistance of counsel 'a defendant must show both deficient performance by counsel and prejudice.'" *Premo v. Moore*, ___ U.S. ___, 131 S.Ct. 733, 739 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1419 (2009)). In applying this standard, "substantial deference must be accorded to counsel's judgment." *Id.* at 742. When a defendant challenges a guilty plea on the basis of ineffective assistance of counsel, in order to demonstrate prejudice a defendant "must show that there is a reasonable probability that, but for

4

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty, because there would have been at least a reasonable chance he would have been acquitted." *Doyle v. Scott*, 347 F.Supp.2d 474, 484 (E.D. Mich. 2004). If the record "shows that the petitioner would in a likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him." *Id.*

Petitioner's one-sentence argument does not show that he would have insisted on finishing the trial and submitting the charges to the jury, nor does petitioner show that there is a reasonable chance that he would have been acquitted if he had not pleaded guilty. Indeed, petitioner's terse argument does not explain in any manner why his attorney's advice to plead guilty was unwise or erroneous. "Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief." *Payne v. Smith*, 207 F.Supp.2d 627, 650 (E.D. Mich. 2002) (citing *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998)). *See also Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991) (holding that "petitioner's unsupported and conclusory averments are insufficient to sustain his burden of establishing a violation of his sixth amendment right to effective assistance of counsel."). Petitioner's contention may, therefore, be summarily rejected.

Even if petitioner's conclusory argument is not summarily rejected, he is not entitled to relief. The Kentucky Court of Appeals rejected petitioner's claim that his attorney was ineffective for advising petitioner to plead guilty. After reciting the standard governing claims of ineffective assistance of counsel, the Court of Appeals held that:

> Advising a client to enter a guilty plea does not, *per se*, constitute ineffectiveness of counsel. Weinel entered his guilty plea on his **third** day of trial. He had had

5

>the opportunity to listen to the Commonwealth's evidence and to observe the jury's reaction. As the Commonwealth pointed out, he "had seen the disgust in their eyes." Weinel told the court that his plea was voluntary. He presents no evidence to contradict the voluntariness of his plea.

2010 WL 2428030 at *2 (internal citation omitted) (emphasis in original). Petitioner has not shown how the Court of Appeals' decision is contrary to, or an incorrect application of, clearly established federal law, or is an unreasonable determination of the facts in light of the evidence. Thus, petitioner is not entitled to habeas relief.

### D. Alleged Failure to Investigate and Prepare Defense

Petitioner's final argument is that his attorney "failed to investigate, prepare and present his [petitioner's] defense." Doc. 1, p. 9. Again, petitioner's argument is only one sentence long and contains no citations to either supporting facts or legal authorities. Petitioner does not state what additional steps counsel should have taken to investigate, prepare and present petitioner's defense. Indeed, petitioner does not even state what defense his counsel allegedly failed to present properly. Petitioner's argument is conclusory and, as such, is subject to summary rejection.

If petitioner's argument is not summarily rejected, he still is not entitled to relief. The Court of Appeals rejected petitioner's arguments that his attorney was ineffective for failing to investigate, prepare and present a defense. In relevant part, the Court of Appeals held as follows:

>Weinel's third claim is that he received ineffective assistance of counsel as a result of his attorney's failure to investigate, prepare, and present his defense. In support of this argument, Weinel contends that his counsel had not explained his charges, that the Commonwealth's case against him was weak, and that his motion for funding for an expert witness was not granted. We will address each of these contentions in turn.

6

> First, we address Weinel's claim that he did not understand the charges against him. As the trial court discussed at length during Weinel's sentencing, he previously had been convicted of felony burglary on at least thirteen occasions. Furthermore, the record shows that the elements of each offense were listed clearly in the indictment. Weinel has not shown any proof other than his bare, unsupported accusation that he did not understand the offenses for which he was charged, an accusation that lacks credibility on its face in light of his numerous encounters with the criminal justice system.
>
> Next, Weinel offers no proof to support his contention that the Commonwealth's case against him was not strong. On the contrary, the record shows that numerous witnesses saw Weinel with the stolen property; others had purchased stolen property from him. Additionally, his fingerprints were found in the stolen truck and in the burglarized house. Items stolen from the house were recovered from the room in which Weinel slept. This summary supports a conclusion that the Commonwealth's case was quite robust rather than weak as Weinel alleges.
>
> Third, Weinel's contention that his motion for funds for an expert witness was denied is factually incorrect. The record submitted includes the videotaped hearing at which this motion was **granted**.
>
> The record contains numerous motions submitted by Weinel's counsel in attempts to suppress evidence and to obtain discovery. At his sentencing, the trial court remarked that Weinel's counsel had vigorously advocated his rights. Weinel does not offer any proof that suggests otherwise. He does not enumerate what evidence or potential witnesses could have been obtained through further investigation. We are reminded that RCr 11.42 motions are "to provide a forum for known grievances and not an opportunity to conduct a fishing expedition for potential grievances." *Sanborn v. Commonwealth*, 975 S.W.2d 905, 910 (Ky.1998) (overruled on other grounds by *Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky.2009)).

2010 WL 2428030 at *3 (emphasis in original). Petitioner has not shown in any manner how the Court of Appeals' decision was contrary to established federal law or is an unreasonable determination of the facts. Thus, petitioner is not entitled to habeas relief.

**III. Conclusion**

For the foregoing reasons, it is **RECOMMENDED**:

Petitioner's 28 U.S.C. § 2254 petition should be **denied** and this case should be removed from the Court's active docket.

7

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 28th day of March, 2011.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge